# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SOUTHERN CRUZ LINES, INC.,,**

               **Plaintiff,**

-vs-                                 **Case No.  6:07-cv-314-Orl-31DAB**

**GARY R. SMITH,**

               **Defendant.**

_____

# ORDER

     This matter comes before the Court on the Amended Motion for Default Final Judgment (Doc. 13) filed by the Plaintiff, Southern Cruz Lines, Inc. ("Southern").

## I.      Background

     Southern filed its complaint on March 7, 2007.  (Doc. 1).  The docket discloses that the Defendant, Gary R. Smith ("Smith") was served with the complaint by way of substituted service on his wife on April 17, 2007.  (Doc. 8).  Smith did not file a response or otherwise make an appearance in the case.  Pursuant to Southern's motion (Doc. 9), the Clerk entered a default against Smith on May 22, 2007.  (Doc. 10).

## II.      Standards

     Within this Circuit, "there is a strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  However, it is well established that the district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply

with its orders or rules of procedure. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). The

exercise of this authority is discretionary and subject to review for abuse of discretion. *Id.* Rule

55(b) provides that judgment by default may be entered in two ways:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum
> certain or for a sum which can by computation be made certain, the clerk upon
> request of the plaintiff and upon affidavit of the amount due shall enter judgment
> for that amount and costs against the defendant, if the defendant has been defaulted
> for failure to appear and is not an infant or incompetent person.

> **(2) By the Court.** In all other cases the party entitled to judgment by default shall
> apply to the court therefor; but no judgment by default shall be entered against an
> infant or incompetent person unless represented in the action by a general guardian,
> committee, conservator, or other such representative who has appeared therein. If
> the party against whom judgment by default is sought has appeared in the action,
> the party (or, if appearing by representative, the party's representative) shall be
> served with written notice of the application for judgment at least 3 days prior to
> the hearing on such application. If, in order to enable to court to enter judgment or
> to carry it into effect, it is necessary to take an account or to determine the amount
> of damages or to establish the truth of any averment by evidence or to make an
> investigation of any other matter, the court may conduct such hearings or order
> such references as it deems necessary and proper and shall accord a right of trial by
> jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default

judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings

for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975).[1] A default judgment cannot stand on a complaint that fails to state a

claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A

default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of

---

[1]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court
of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth
Circuit handed down prior to the close of business on September 30, 1981.

fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Southern alleges the following in its complaint: that it sold a vessel, Southern Elegance, to Atlantic Capital Partners, Inc. ("Atlantic Capital") for $1.2 million, receiving a promissory note and mortgage in return. (Doc. 1 at 1). Atlantic Capital is in bankruptcy in the Eastern District of New York. (Doc. 1 at 1). Smith, who was president of Atlantic Capital, personally guaranteed its debt. (Doc. 1 at 1-2). Atlantic Capital is in default on the note, and Southern has accelerated the entire outstanding balance. (Doc. 1 at 2). As guarantor, Smith is individually liable for that outstanding balance plus interest, attorney's fees and costs.

Based on the Plaintiff's allegations, the Court finds that the complaint states a claim for relief, and Southern is entitled to recover the outstanding balance on the note, plus interest, attorney's fees and costs. In an affidavit accompanying the motion, the president of Southern avers that it is owed $986,418.62 in outstanding principle, plus $907.67 in interest through January 3, 2007, plus $87,872.88 in interest between that date and June 1, 2007, plus a $350 filing fee and $45 process server fee, for a total of $1,075,594.10.[2] (Doc. 13-2). Southern also asks that this Court retain jurisdiction to amend the judgment to add attorney's fees.

## IV.    Conclusion

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Amended Motion for Default Final Judgment (Doc. 13) filed by the Plaintiff, Southern Cruz Lines, Inc. is **GRANTED**. It is hereby **ORDERED** that judgment be awarded on behalf of Plaintiff,

---

[2]The amounts listed actually total $1,075,594.17, but the Plaintiff only requested a total of $1,075,594.10, so the Court will award the lesser amount.

Southern Cruz Lines, Inc., and against Defendant Gary R. Smith in the total amount of $1,075,594.10, as set forth above and with post-judgment interest accruing hereafter as provided by law.  The Court will retain jurisdiction for the purpose of amending the judgment to add an award of attorney's fees upon a proper showing by the Plaintiff.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-4-